# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | ID. No. 1407011336 |
| | ) | |
| | ) | |
| MARCUS ROSSER, | ) | |
| Defendant. | ) | |

Submitted: November 28, 2018
Decided: December 20, 2018

## ORDER

*Upon Defendant, Marcus Rosser's, Motion for Postconviction Relief,*
**DENIED**.

This 20th day of December, 2018, upon consideration of the Defendant Marcus Rosser's *Pro Se* Motion for Postconviction Relief and his numerous supplements thereto (D.I. 82, 83, 100, 103, 107, 109, 110), the Commissioner's Report and Recommendation that Mr. Rosser's *Pro Se* Motion for Postconviction Relief should be **DENIED** and Rule 61 Counsel Christopher S. Koyste, Esquire's Motion to Withdraw should be **GRANTED** (D.I. 113), and the record in this case, it appears to the Court that:

(1)    On May 4, 2015, following a four-day trial, a Superior Court jury convicted the Defendant Marcus Rosser of Assault in the First Degree, Robbery in the First Degree, Carrying a Concealed Deadly Weapon, Possession of a Firearm by

a Person Prohibited ("PFBPP"), and two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF").[1] On August 21, 2015, the Court sentenced Mr. Rosser to a total period of 40 years at Level V incarceration, to be suspended after serving 18 years in prison for decreasing levels of supervision.[2]

(2)    Mr. Rosser filed a direct appeal to the Delaware Supreme Court, arguing that: (a) he was unfairly prejudiced by the joinder of charges from two separate indictments into a single trial; (b) the PFBPP charge should have been bifurcated; (c) one of the State's witness was not competent because he was coerced into testifying; and (d) the evidence was insufficient to support his convictions.[3] The Supreme Court found Mr. Rosser's claims lacked merit and affirmed this Court's judgments of conviction and sentence.[4]

(3)    In June 2016, Mr. Rosser filed an unsuccessful motion for reduction of sentence.[5]

---

[1]    DEL. CODE ANN. tit. 11, § 613 (2014) (assault in the first degree, class B felony); *id.* at § 832 (robbery in the first degree); *id.* at § 1442 (carry a concealed deadly weapon); *id.* at § 1448(e)(2)(PFPP); *id.* at § 1447A (PFDCF). *See Rosser v. State*, 2016 WL 1436604, *1 (Del. April 5, 2016) (recounting the facts of the two criminal episodes that led to Mr. Rosser's convictions).

[2]    Sentencing Order, *State v. Marcus Rosser*, ID No. 1407011336 (Del. Super. Ct. Aug. 21, 2015) (D.I. 70).

[3]    *Rosser*, 2016 WL 1436604 at *1.

[4]    *Id.* at *1-*3.

[5]    *State v. Rosser*, 2016 WL 4196815 (Del. Super. Ct. Aug. 9, 2016).

(4)    In January 2017, Mr. Rosser filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[6]  He also requested appointment of postconviction counsel.[7]  The Court granted Mr. Rosser's motion for appointment of counsel and that attorney was given leave to amend Mr. Rosser's *pro se* Rule 61 motion.[8]

(5)    In November 2017, Mr. Rosser's assigned attorney, invoking Superior Court Criminal Rule 61(e)(6), filed a motion to withdraw as postconviction counsel.[9] In his motion to withdraw, Mr. Rosser's Rule 61 counsel represented that, after undertaking a thorough analysis of Mr. Rosser's claims and the record in his case, counsel had determined that: (a) Mr. Rosser's proposed claims are so lacking in merit that counsel could not ethically advocate any of them; and (b) that counsel, upon his own independent review, found no other meritorious postconviction claims.[10]  Mr. Rosser filed a timely response to Rule 61 Counsel's motion to

---

[6]    D.I. 82 and 83.

[7]    D.I. 84.

[8]    D.I. 87.

[9]    Super. Ct. Crim. R. 61(e)(6).

[10]    D.I. 96, 97, and 98.

withdraw.[11] Mr. Rosser supplemented his issues/points for consideration[12], the State filed a response[13], and Rule 61 counsel filed a reply thereto.[14]

(6) After receiving all of the foregoing, Mr. Rosser's motion was referred to Superior Court Commissioner Lynne M. Parker in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(7) The Commissioner filed her Report and Recommendation on November 26, 2018. The Commissioner recommended that the Court deny Mr. Rosser's Motion for Postconviction Relief.[15]

(8) "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[16] Neither Mr. Rosser nor the State filed an "objection" to the Commissioner's Report pursuant to Criminal Rule 62(a)(5)(ii).

---

[11]     D.I. 100.

[12]     D.I. 103 and 107.

[13]     D.I. 104.

[14]     D.I. 108.

[15]     *State v. Rosser*, 2018 WL 6432985 (Del. Super. Ct. Nov. 26, 2018).

[16]     Super. Ct. Crim. R. 62(a)(5)(ii).

(9)     The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[17]  After a thorough review of the record in this case, the Court finds there is no constitutional or legal basis to doubt the validity of Mr. Rosser's convictions or sentence.  Nor there a doubt that Mr. Rosser received effective assistance of counsel in investigating his matter, litigating the issues that counsel had a good faith basis to believe had merit, defending Mr. Rosser at trial, advocating for him at sentencing, and prosecuting his direct appeal.

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of November 26, 2018, Mr. Rosser's Motion for Postconviction Relief is **DENIED** and Mr. Koyste's Motion to Withdraw is **GRANTED**. [18]

**SO ORDERED this 20th day of December, 2018.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:     Hon. Lynne M. Parker
        Sonia Augusthy, Deputy Attorney General
        Christopher S. Koyste, Esquire
        Peter W. Veith, Esquire
        Mr. Marcus Rosser, *pro se*

---

[17]     *Id.* at 62(a)(5)(iv).

[18]     *See* Super. Ct. Crim. R. 61(e)(6)(ii) (setting forth postconviction counsel's duty upon withdrawal).